UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROBERT SPENGLER,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>LOS ANGELES COUNTY JAIL MEDICAL, et al.<br><br>　　　　Defendants. | Case No. CV 16-6509-DOC (SP)<br><br>**MEMORANDUM AND ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTION** |

## I.

## INTRODUCTION

Plaintiff Michael Spengler is an inmate at the Twin Towers Correctional Facility ("TTCF") who is pursuing civil rights claims against various TTCF staff and the Los Angeles County Sheriff's Department ("LASD"). His most recent complaint in this case is his Third Amended Complaint, along with a number of supplemental complaints. Generally, he alleges he has received inadequate medical care and abuse, has been retaliated against for administrative grievances and lawsuits he has filed, and has been denied access to the courts.

On November 9, 2017, plaintiff filed a motion for a preliminary injunction. Plaintiff alleged his legal mail has been delayed at TTCF, and asked the Court to issue

an order to show cause as to why his mail should be delayed up to 60 days.  The Court denied the motion for a preliminary injunction on December 21, 2017.

On January 25, 2018, plaintiff filed the instant motion for a preliminary injunction, again alleging his legal mail has been delayed at TTCF.  Although not filed until January 25, 2018, plaintiff dated the instant motion as having been prepared on December 21, 2017.  Meanwhile, on January 10, 2018, the Court received and filed an Update/Notice from plaintiff dated December 30, 2017, in which plaintiff stated his legal mail problems had been resolved.

In light of this update, and for the reasons set forth below, the Court finds plaintiff has failed to show he is entitled to a preliminary injunction.  Accordingly, plaintiff's motion is denied.

## II.
## DISCUSSION

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (per curiam) (internal quotations marks and citation omitted).  The plaintiff bears the burden to establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (citations omitted).  Alternatively, where there are merely "serious questions going to the merits," the moving party may still obtain a preliminary injunction where the balance of hardships "tips sharply" in the moving party's favor, and where the moving party also shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Where a plaintiff has not made the minimum showing of irreparable injury, it is not necessary for the court to decide whether the plaintiff is likely to succeed on the merits. *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1378 (9th Cir. 1985). Likewise, if the moving party "fails to show that he has some chance on the merits, that ends the matter." *Developmental Servs. Network v. Douglas*, 666 F.3d 540, 544 (9th Cir. 2011) (citation omitted).

Plaintiff's instant request for injunctive relief again appears related to his claim that he has been denied access to the courts, which plaintiff primarily asserted in the most recent supplemental complaint he filed on November 20, 2017. But in its December 14, 2017 order finding the Third Amended Complaint and its supplements subject to dismissal in part, the Court specifically found plaintiff failed to state a claim based on delays in mail he has allegedly experienced. For this reason and reasons addressed in the Court's December 21, 2017 Order denying plaintiff's previous motion, plaintiff has not shown a likelihood of success on the merits.

Plaintiff here alleges the Legal Unit only picks up his outgoing legal mail sporadically and the mail sits in the mailbox for one to two weeks before it is picked up. He alleges the legal mail is sometimes negligently processed as regular mail, which takes an additional one to two and a half weeks to process. He further contends it takes him four weeks to receive his incoming legal mail.

Plaintiff dated the instant motion December 21, 2017, although it was not filed until January 25, 2018. On January 10, 2018, the Court received an update dated December 30, 2017 from plaintiff. In the update, plaintiff informs the Court TTCF is now allowing him to send his legal mail, and therefore the issues he has raised with the legal mail are now moot because the problem has been resolved. Plaintiff reserves his right to seek redress for past injury, but indicates there is no ongoing problem.

A preliminary injunction cannot be granted unless plaintiff "has shown that irreparable harm is 'likely'; the 'possibility' of harm is insufficient to meet [plaintiff's] burden." *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1191 (9th Cir. 2011) (citing

*Winter*, 555 U.S. at 22). Although "'likely' is a higher threshold than 'possible,' [plaintiff] need not prove that irreparable harm is certain or even nearly certain." *Id.* By submitting the update stating the problem was resolved, plaintiff has now acknowledged future harm is no longer likely.

In sum, because plaintiff has not shown either likelihood of success on the merits or that he is likely to suffer irreparable harm if he does not receive the injunctive relief he seeks, his motion will be denied.

## III.
## **ORDER**

IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction (docket no. 52) is DENIED.

DATED: February 12, 2018

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Sheri Pym
United States Magistrate Judge